McCORD, Judge
(dissenting).
From the evidence, it appears that the closet in which the rifle was located was a small closet used by both appellant and his wife. This rifle standing in this jointly used closet is not analogous to marijuana concealed between mattresses or concealed in a vase or in a drawer or to a concealed pistol. In my view the state presented sufficient circumstantial evidence to show appellant’s knowledge of the presence of this rifle and that it was in his control. Testifying for appellant, his wife stated that he was at work when the rifle was given to her and that she did not tell him that the gun was in the closet. She stated that the gun belonged to her brother-in-law, but on cross-examination she testified that it belonged to Hal Williamson and explained *298 that she called him her brother-in-law because she was a close friend of his wife. She acknowledged that the rifle had been in the jointly used closet for “maybe two or three weeks” and that Williamson had gone to Alabama to school. It was the jury’s province to determine the credibility of her testimony and what parts of it they would believe and what parts they would not believe. In my opinion the circumstantial evidence was sufficient to support the jury finding that it was consistent with guilt and inconsistent with any reasonable hypothesis of innocence. I would affirm.